UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMAS OF THE FAMILY SAVELSKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 3000 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| BRYAN TRIBBLE, through the IV-D Agency, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

      The Court grants Defendant Bryan Tribble's motion to dismiss [11]. The Court dismisses this case without prejudice for lack of subject matter jurisdiction. To the extent Plaintiff has any claims against Defendant, he must proceed with them in state court. Case terminated. See Statement.

## STATEMENT

      Plaintiff Tomas of the Family Savelskas filed this lawsuit against Bryan Tribble, the Administrator of the Division of Child Support Services ("DCSS") of the Illinois Department of Healthcare and Family Services ("HFS"). Savelskas' complaint stems from a divorce and child custody case, in which a state court ordered him to pay child and spousal support. According to an attachment to Savelskas' complaint, Savelskas' employer received a completed form providing for withholding of income to comply with the support order. Savelskas objects to the collection of child support and specifically DCSS' alleged treatment of him as a non-custodial parent subject to participation in the Title IV-D child support program. To that end, on February 17, 2025, Savelskas sent Tribble a notice to terminate Savelskas' involuntary participation in the Title IV-D program. DCSS responded to Savelskas' letter, stating that DCSS was not "a party to any enforcement or collection of support for the case [he] write[s] about" and so "would have no knowledge nor information about the terms of [his] support order, payments, or account balance." Doc. 6 at 33. Savelskas nonetheless maintains that Tribble should have terminated Savelskas' participation in the Title IV-D program without awaiting any court order, and that his refusal to do so violates Savelskas' First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights. Savelskas seeks termination of his involuntary participation in the Title IV-D program, a refund of $19,615, the amount collected from him in child support at the time of the filing of his complaint, and compensatory, punitive, and other damages.

      Tribble has moved to dismiss Savelskas' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Savelskas attempts to distance his case from one involving domestic relations and child support. See Doc. 6 at 1–2 ("[M]y claims are not related to a Domestic Relation issue. This is not a matter regarding any IV-D order nor a paternity, custody,

or child support matter." (citations omitted)). But he cannot escape such a characterization merely by declaring it so. The domestic relations exception to federal subject matter jurisdiction precludes federal courts from exercising jurisdiction over claims that implicate "the issuance of a divorce, alimony, or child custody decree," including, as here, Savelskas' claims challenging Tribble's alleged enforcement of Savelskas' child support obligations. *Budorick v. Maneri*, 697 F. App'x 876, 878 (7th Cir. 2017); *see Camarda v. Whitehorn*, No. 24-3244, 2025 WL 1121599, at *1 (7th Cir. Apr. 16, 2025) ("[T]he [domestic relations] exception applies here, given that the relief Camarda seeks—damages for financial harm caused by the defendants' collection of child support; injunctive relief to prevent DHFS from collecting child support; and declaratory relief to prevent future enforcement of the state-court proceedings—would encroach on the state court's adjudication of family law matters."); *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) (domestic relations exception to federal subject matter jurisdiction divested the court of jurisdiction over child support claims); *Rodriguez v. Lancaster Grant Cnty. Child Support Agency*, No. 24-cv-180, 2024 WL 3924576, at *2 (W.D. Wis. Aug. 23, 2024) (domestic relations exception to federal jurisdiction applied to claim concerning collection of child support obligations even despite plaintiff's efforts to recast it as a due process violation); *Liggins v. Ind. Child Support Bureau*, No. 3:18-CV-486, 2018 WL 4053402, at *1–2 (N.D. Ind. Aug. 24, 2018) (court did not have subject matter jurisdiction over child support claims).

      Further, even aside from the domestic relations exception, the Court would decline to exercise jurisdiction in this case. Proceeding in federal court while child support proceedings remain ongoing in state court would improperly "threaten interference with and disruption of local family law proceedings." *J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021). In other words, Savelskas must pursue his grievances concerning the child support order in the state child support proceedings, not in alternative venues that he may believe will prove more friendly to his claims.

Date: February 24, 2026                                             /s/ Sara L. Ellis